**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
BYRON BREEZE, JR., *on behalf of himself,*
*and all similarly situated individuals*,

        Plaintiff,                  CASE NO.:

v.

SILVER AUTUMN HOTEL (N.Y.)
CORPORATION LIMITED,
 *a Delaware corporation,*

        Defendant.
------------------------------------------------------------x

## CLASS ACTION COMPLAINT

Plaintiff, BYRON BREEZE, JR., (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, sues Defendant, SILVER AUTUMN HOTEL (N.Y.) CORPORATION LIMITED, (hereinafter "Defendant"), for injunctive relief, attorneys' fees, and litigation costs, including but not limited to disbursements, court expenses, and other fees, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the New York State Human Rights Law, the New York City Human Rights Law, and for class-wide relief pursuant to Rule 23 of the Federal Rules of Civil Procedure, and alleges:

## INTRODUCTION

1. Defendant owns and/or operates that certain hotel known as THE WARWICK NEW YORK, located at 65 W. 54TH St., in New York, New York (the "Hotel").  Defendant owns and/or controls and Hotel's website, located at www.warwickhotels.com/newyork (the "Website"). The

Hotel takes reservations through the Website and provides information regarding available guestrooms and Hotel amenities.

2.   As of March 15, 2012, Defendant was required to ensure that all of its reservation systems, including its online reservation systems (a) identify and describe disabled accessible features of the Hotel in detail; (b) identify and describe accessible features of ADA compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether the Hotel and its available guestrooms meet their individual accessibility needs (by describing accessible *and inaccessible* features); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[1] Defendant has not complied. This lawsuit follows.

## JURISDICTION AND VENUE

3.   This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C., §§1331, 1343, as Plaintiff's claims arise under 42 U.S.C. §12181. et seq., based upon the enumerated violations of Title III of the Americans with Disabilities Act (*see also*, 28 U.S.C. §§ 2201 and 2202).

4.   This Court has personal jurisdiction over Defendant in this action.  Defendant transacts substantial business in this District through its Hotel, which is located in this District.

5.   Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims here at issue occurred in this District; specifically, Defendant and the Hotel are located this District.

6.   Pursuant to 28 U.S.C.S. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims arising under New York State law.

---

[1] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l). These requirements apply not only to the Website, but also to every online reservation system on which reservations can be made to stay at the Hotel, including orbitz.com, travelocity.com, hotels.com, and others.

2

## PARTIES

7.  Plaintiff, BYRON BREEZE, JR., was born without legs and without complete hands, and uses a wheelchair for mobility. Plaintiff thus has a "qualified disability" as that term is defined by the ADA and is physically disabled within the meaning of the laws of the State of New York.

8.  At all times material hereto, Plaintiff was and is over the age of 18 years, *sui juris*, and was a longtime resident of Manhattan. Mr. Breeze recently relocated to the District of Columbia but returns on a regular and continuing basis to the Southern District of New York for purposes of employment, and to visit with friends and relatives.  Mr. Breeze has a real and continuing need for mandated accessibility information within online hotel reservation platforms in this District.

9.  Defendant is a Delaware Corporation conducting business in the State of New York and is the owner and/or operator of the Hotel and has control over the content of the Website.

## CLASS ALLEGATIONS

10. Plaintiff brings this class action on his own behalf, and as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of people defined as follows:

> All disabled individuals who have been unable to obtain required accessibility information online, or to independently secure an online reservation for an accessible guestroom, by a failure to comply with the ADA and ADAAG upon any online reservation platform on which the Hotel is advertised, including the Website.

11. Excluded from the Class is any person who is an executive, officer, employee, and/or director of the Defendant corporation.

12. The members of the Class are so numerous that joinder of all Class members is not practical. The precise size of the Class will be determined through discovery.

13. Plaintiff's claims are typical of those of the entire Class. Plaintiff, along with every member of the Class, has suffered civil right violations because of Defendant's continuing failure to comply with the ADA and ADAAG on its Website and/or other online reservation platforms.

14.  Plaintiff can and will adequately protect the interests of all members of the Class and has retained competent counsel experienced in both ADA and class action litigation. Plaintiff has no interests that are contrary to the interests of the Class members in this case.

15. A class action is far superior to any other possible method for adjudicating this controversy. Each member of the Class is entitled to injunctive relief, as well as possible statutory damages under New York law. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendant, members of the Class, and the courts.

16. Common questions of law and fact prevail with respect to all members of the Class and predominate over questions applicable solely to individual Class members. Among such common questions of law and fact is whether Defendant has violated Federal and New York State statutory obligations by failing to comply with the ADA, ADAAG, NYCHRL, and NYSHRL, such that all physically disabled persons are afforded fair and equal access to any hotel owned or operated by Defendant, and their online reservation systems.

17. Plaintiff knows of no special or unique difficulties that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

18. The names and addresses of disabled individuals who have encountered non-compliance as set forth herein, and who have been excluded from full and equal access to required accessibility information regarding the Hotel is obtainable through traditional channels used to identify members of any class; notice of this case, informing members of the Class that this case exists and

that he/she may be a member of the Class, can be delivered by U.S. or electronic mail, using techniques and in a form of notice similar to those customarily used in class action litigation, and can additionally be advertised by television, internet, radio, and other means of transmission that are likely to reach members of the Class.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

19. On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

20. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these revised regulations on or before March 15, 2012.

21. On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations ***made by any means***, including by telephone, in-person, or through a third party –
>
> > (i)    Modify its policies, practices, or procedures to ensure that individuals with disabilities can make

5

    reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii)    Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)    Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv)    Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)    Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

22. In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A.*

23. Hotels (and motels) are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A.* Moreover, "a public accommodation's designation of a guestroom as "accessible"

does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A*. Labeling a guestroom as "accessible" or "ADA" is not sufficient.

24. In addition,

> hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not.

*28 C.F.R. Part 36, Appx. A*. Accordingly, Defendant is required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

25. For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A*.

26. However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum

> information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features **that do not comply** with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added].

*28 C.F.R. Part 36, Appx. A*.

27. The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA.

28. The Website (and all other online reservation platforms used by the Hotel) allow reservations for the Hotel to be taken online. The Defendant has control over information provided to the public about the Hotel through the Website and/or other online platforms.

29. Prior to filing this lawsuit, Plaintiff visited the Website to learn about accessible features of the Hotel, and to independently assess whether the Hotel is accessible to him, and whether he could independently reserve an accessible room at the Hotel, in the same manner as those seeking to reserve non-accessible rooms. Upon his visit, Plaintiff discovered that the Website does not comply with the ADA and ADAAG.

30. The Website homepage says nothing about accessibility. The homepage links to a page entitled *Rooms and Suites*. The *Rooms and Suites* page says nothing about accessibility. The *Rooms and Suites* page has an option to view *premier rooms, premier plus* or to view *suites*. Clicking on *premier rooms* brings up a list of available guestrooms, not including any accessible options. Clicking on *premier plus* brings up a list of available guestrooms, not including any accessible options. Clicking on *suites* brings up a list of available guestrooms, not including any accessible options. The guestrooms listed on the *premier rooms* page can be selected to view room details. When selected, none of the more-detailed descriptions provide any information about access or accessible rooms. The guestrooms listed on the *premier plus* page can be selected to view room details. When selected, none of the more-detailed descriptions provide any information about access or accessible rooms. Each of the suites listed on the *suites* page can be selected to view suite details. When selected, none of the more-detailed descriptions provide any information about access or accessible suites. When dates are entered for booking, room options are displayed, not

including any accessible options. Once a room is selected to book, the payment page is populated, without any further information about accessibility.[2]

31. The Website also has no accessibility information concerning common areas and amenities. A page entitled *amenities* described amenities at the Hotel, not including any accessible features or amenities. Likewise, the Website does not indicate that the Hotel is in full compliance with all 1991 Standards, or, in the alternative:

    a.  Whether the public entrance to the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    b.  Whether the registration desk at the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    c.  Whether restaurant or other food service areas at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether they are accessible to them;

    d.  Whether any parking facilities, lots, or other parking accommodations at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether they are accessible to them;

---

[2] Each of these pages of the Website (as they existed at the time of filing) has been saved, and while Plaintiff encourages and demands that Defendant come into compliance with the ADA and ADAAG, Defendant is likewise cautioned against deleting or destroying any version of the Website as it existed on the date of this filing, inasmuch as the same may constitute evidence in this lawsuit. All changes and edits should be carefully saved, catalogued, and produced.

e. Whether the swimming pool (if any) complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

f. Whether the business center complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

g. Whether the meeting/ballroom areas comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

h. Whether the route from the public entrance to the registration desk is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

i. Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

j. Whether the route from the public entrance to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

k. Whether the route from the accessible guestrooms to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

l.  Whether the route from the public entrance to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

m.  Whether the route from the accessible guestrooms to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

n.  Whether the route from the public entrance to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

o.  Whether the route from the accessible guestrooms to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

p.  Whether the route from the public entrance to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

q.  Whether the route from the accessible guestrooms to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

r.  Whether the route from the public entrance to the conference/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it

11

does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

s.  Whether the route from the accessible guestrooms to the meeting/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

32. This is not intended to be an exclusive list, and Plaintiff, on behalf of himself and the class, brings this action to remediate all violations of the ADAAG found to exist upon the Website, and upon all online reservation platforms used by the Hotel.

33. In addition to the list above, upon information and belief, Defendant may not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. Discovery is required on these issues.

34. Plaintiff will visit the Website again, and members of the Class will visit the Website and online reservation platforms controlled by Defendant again, upon the Defendant's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the hotels meet each of their specific accessibility needs, and determine whether they can reserve an accessible guestroom.

12

35. Defendant has discriminated against Plaintiff and all other mobility-impaired individuals, including the Class, by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Websites, due to the continuing ADA and ADAAG violations as set forth above. Defendant has had eight (8) years to bring the Website (and other online reservation platforms, as applicable) into compliance with the ADAAG revisions, but has failed or refused to do so.

36. Modifying the Website (and other online reservation platforms, as applicable) to comply with the ADA and ADAAG is accomplishable without undue burden or expense and is readily achievable. But in any event, upon information and belief, the Website has been altered, updated, and edited, after 2010, but not in a manner compliant with 2010 ADAAG standards.

37. Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access the Website (and other online reservation platforms, as applicable) unless and until Defendant modifies the Website (and other online reservation platforms, as applicable) to set forth all required information, as set forth above.

38. Plaintiff and the Class are without an adequate remedy at law and are suffering irreparable harm, and Plaintiff reasonably anticipates that he and the Class will continue to suffer this harm unless and until Defendant is required to correct the ADA violations found upon the Websites (and other online reservation platforms, as applicable), and to maintain the Websites (and other online reservation platforms, as applicable), inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

39. Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, and the Class, including an Order that compels Defendant to enact policies that are

consistent with the ADA and its remedial purposes, and to alter and maintain its Website (and other online reservation platforms, as applicable), and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

**COUNT II**
**VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

40. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

41. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [3]

42. The Website (and other online reservation platforms, as applicable) is a gateway to, and a part of, the Hotel, which is a place of public accommodation as defined by the New York State Human Rights Law.

43. Plaintiff and the Class have visited the Website (and other online reservation platforms, as applicable), and encountered barriers made illegal by the ADA and ADAAG, and thus by the New York State Human Rights Law.

44. By maintaining barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff and the Class, because of disability, accommodations, advantages, facilities or

---

[3] NYS Exec. Law § 296 (2)(a).

14

privileges of the Hotel. The failure by Defendant to act to identify and remove these barriers, which have been illegal since March 15, 2012, can be construed as "negligence per se."

45.  Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seek judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to §297(9) thereof.

## COUNT III
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

46. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

47. The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[4]

48. Defendant is in violation of the New York City Human Rights Law by denying the Plaintiff and the Class full access to all the accommodations, benefits, and services, available appurtenant to the Hotel, as described above.

49. Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to the New York City Human Rights Law, and all relief provided for thereunder.

WHEREFORE, Plaintiff, BYRON BREEZE, JR., respectfully requests that this Court enter judgment in his favor, and against Defendant, as follows:

---

[4] NYC Admin Code § 8-107(4)(a)

a. Certify a Class, as that term is defined hereinabove;

b. A declaration that the Website (and other online reservation platforms, as applicable) is owned, leased, operated, and/or controlled by Defendant is in violation of the ADA, NYSHRL, and/or NYCHRL;

c. Temporary and permanent injunctive relief enjoining Defendant from continuing its discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the 2010 ADAAG Standards on its Website (and other online reservation platforms, as applicable);

d. Temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content on any website through which it is offering online reservations for any hotel that it owns or operates, unless such website and online reservation system fully comply with 28 C.F.R. §36.302(e)(l);

e. An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff and the Class;

f. An award of compensatory damages deemed just and appropriate pursuant to NYSHRL and NYCHRL, to Plaintiff and the Class; and

g. Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

DATED this **28th** day of **September**, 2018.

Respectfully Submitted,

LAW OFFICES OF NOLAN KLEIN
*Attorneys for Plaintiff*
39 Broadway, Ste. 2250
New York, NY 10006
PH:     (646) 560-3230
www.nklegal.com


By:  */s/ Nolan Klein*
**NOLAN KLEIN, ESQ. (NK4223)**
klein@nklegal.com
amy@nklegal.com


~ and ~

**Bashian & Papantoniou, P.C.**
*Attorneys for Plaintiff*
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:     (516) 279-1554
Fax:     (516) 213-0339


***By:*** */s/ Erik M. Bashian*
**ERIK M. BASHIAN, ESQ. (EB7326)**
eb@bashpaplaw.com

17